UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM DAVID GODOY PIRELA,<br>Petitioner,<br>v.<br>BRUCE SCOTT et. al,<br>Respondents. | CASE NO. 2:26-cv-03707-JHC<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Abraham David Godoy Pirela's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the petition.

## II
## BACKGROUND

Petitioner is a citizen of Venezuela and entered the United States on March 25, 2024. Dkt. # 6 at 2. The next day, immigration authorities apprehended him and took him to a detention center for processing, but he was released that same day under an order of

recognizance (OREC). *Id.*; Dkt. # 7-2. Immigration authorities also issued Petitioner a Notice to Appear, classifying him as a noncitizen "present in the United States who has not been admitted or paroled," and charging him as removable under Section 212(a)(6)(A)(i) of the INA. Dkt. # 6 at 2; Dkt. # 7-1.

On September 1, 2026, Petitioner was pulled over by local Utah police for a traffic stop. Dkt. # 6 at 2-3. Local police called immigration authorities who took him into custody and later revoked Petitioner's OREC. *Id.*; Dkt. # 7-3 at 3. Soon after, Petitioner was transferred to the Northwest ICE Processing Center (NWIPC) where he remains detained. Dkt. # 6 at 3.

## III
## Discussion

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner, who is pro se, argues that he is entitled to habeas relief because his arrest and re-detention without notice or a pre-deprivation hearing violated his right to due process under the Fifth Amendment of the U.S. Constitution. Dkt. # 1 at 3.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission who was initially processed near the United States border. Dkt. # 5 at 2. But Respondents also acknowledge that courts in this District have repeatedly found that noncitizens released on an OREC who live in the United States for years before re-detention fall outside of 8 U.S.C. § 1225(b)'s mandatory detention scheme and are detained under 8 U.S.C. § 1226(a). Dkt. # 5 at 4, 6; *see Herrera Gomez v. Wamsley*, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) (concluding that the re-detention of a petitioner

initially encountered at the border and then released on an OREC was governed by 8 U.S.C. § 1226(a)); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1197-98 (W.D. Wash. 2025) (same).

Regarding Petitioner's due process arguments, Respondents expressly "acknowledge that this Court and other district courts have found that the revocation of an OREC requires a pre-detention hearing to determine if that noncitizen is a flight risk or a danger to the community," but say this case is distinguishable. Dkt. # 5 at 6; *see Herrera Gomez*, 2026 WL 279966, at *2 ("Courts have repeatedly found that the Government must provide due process to noncitizens before revoking supervised release and re-detaining them.") (collecting cases).

Respondents' only "facts" distinguishing this case is that Petitioner has a diminished liberty interest because of his alleged "multiple arrest for Assault-4 Domestic Violence while on conditional release from ICE custody." Dkt. # 5 at 7-8. This alleged criminal activity is nowhere in Plaintiff's record, nor is it even stated in Respondent's recitation of facts. *See generally* Dkt. ## 6, 7, 5. As stated above, the record reflects that Petitioner was stopped for a traffic violation and taken into custody only "upon confirmation of his illegal status." Dkt. # 7-3 at 3; *id.* at 4 (redacting the results of Petitioner's criminal history check, but also, showing no prior charges). Petitioner's OREC was revoked three days later—after he had been detained multiple days. Dkt. # 7-5 at 2. Under the decisions of this District, the facts of this case constitute a due process violation. *See Herrera Gomez*, 2026 WL 279966, at *2.

Based on the reasoning articulated in *Herrera Gomez* and the record before the Court, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of November, 2026.

John H. Chun

John H. Chun
United States District Judge